951 F.2d 363
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stephanie D. CARRION, Defendant-Appellant.
 No. 90-50585.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 5, 1991.*
Decided Dec. 19, 1991.
 
 Before CANBY, DAVID R. THOMPSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Stephanie D. Carrion appeals her sentence, imposed under the United States Sentencing Guidelines (Guidelines), following her guilty plea to one count of bank robbery in violation of 18 U.S.C. § 2113(a). Carrion claims the district court erred by refusing to count as "related cases" three prior convictions, and sentencing her as a career offender. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the sentence.
 
 
 3
 The question "whether two cases are 'related' for purposes of U.S.S.G. § 4A1.2(a)(2) is a mixed question of law and fact subject to de novo review." United States v. Davis, 922 F.2d 1385, 1288 (9th Cir.1991). A defendant is a career offender if she has at least two prior, unrelated felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. §§ 4A1.2(a)(2), 481.1. Prior convictions are deemed related "if they (1) occurred on a single occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing." U.S.S.G. § 4A1.2(a)(2), Application Note 3. "[A] common modus operandi is not enough to demonstrate a single common scheme or plan." Davis, 922 F.2d at 1389 (citing United States v. Jones, 899 F.2d 1087 (11th Cir.), cert. denied, 111 S.Ct. 275 (1990)). Robberies of two different banks committed within a two-hour period have been deemed unrelated for sentencing purposes. See Jones, 899 F.2d at 1101.
 
 
 4
 Carrion does not contend that her three prior bank robbery convictions occurred on a single occasion, nor does she contend that the three convictions were consolidated for trial or sentencing. Rather, she argues the three prior convictions were related because she committed the crimes within the space of a single month for the sole purpose of procuring cash to support her drug addictions. We disagree.
 
 
 5
 Carrion robbed three separate banks on three separate days. In light of Jones, we hold that these crimes did not arise from a single common scheme or plan within the meaning of section 4A1.2(a)(2), and we affirm the sentence. See Davis, 922 F.2d at 1388.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3